UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELBY Y.,

                Plaintiff,

      v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C18-5067 RBL

**ORDER REVERSING AND REMANDING DENIAL OF BENEFITS**

## I.     INTRODUCTION

This matter is before the Court on Plaintiff Shelby Y.'s Complaint (Dkt. 3) for review of the Social Security Commissioner's denial of her application for disability insurance ("DI") and supplemental security income ("SSI") benefits.

Plaintiff suffers from cervical and lumbar degenerative disc/joint disease; depressive disorder; obsessive compulsive disorder; panic disorder without agoraphobia; and asthma. *See* Administrative Record ("AR") (Dkt. 7) at 57. The ALJ also discussed a possible psychosis diagnosis, but determined that it was not a medically determinable impairment because there was no diagnosis from an acceptable medical source. *See id.* at 58-60.

Plaintiff originally applied for DI benefits in 2010. *See id.* at 366-67. She alleged a disability onset date of January 1, 2010. *Id.* at 366. That claim was denied on initial

administrative review and on reconsideration. *Id.* at 208. On December 28, 2012, an ALJ issued an Order of Dismissal on that claim because Plaintiff filed an untimely request for a hearing and failed to show good cause for the late filing. *Id.* at 208-09. The Appeals Council dismissed Plaintiff's request for review on October 29, 2013. *Id.* at 210-12.

On April 29, 2014, Plaintiff filed new applications for DI and SSI benefits. *Id.* at 368-83. She again alleged that her disability began on January 1, 2010. *Id.* at 368. Both applications were denied on initial administrative review and on reconsideration. *Id.* at 227, 241, 256-57 & 270-71.

At Plaintiff's request, ALJ Gary Elliott held a hearing on Plaintiff's claims. *See id.* at 171-204. On May 13, 2016, ALJ Elliott issued a decision denying Plaintiff benefits. *See id.* at 55-68. In his decision, ALJ Elliott referred to Plaintiff's 2010 DI benefits application, stating that because of the Order of Dismissal, "the previous [ALJ] did not adjudicate claimant's prior claim on the merits and the undersigned proceeds as follows." *Id.* at 55. The Appeals Council denied review on November 22, 2017, *id.* at 1, making the ALJ's decision the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981 & 416.1481.

Plaintiff argues that the Commissioner's decision to deny benefits should be reversed and remanded for further administrative proceedings. Pl. Op. Br. (Dkt. 11) at 2 & 19. She contends that the ALJ (1) erred in rejecting her symptom testimony; (2) erred in evaluating the medical evidence; (3) erred in failing to address lay testimony; and (4) erred in assessing Plaintiff's residual functional capacity ("RFC"), and basing his step five findings on that RFC. *Id.* at 2.

## II. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

As an initial matter, Plaintiff argues that the ALJ *de facto* reopened her 2010 DI benefits application. Pl. Op. Br. at 2. The Commissioner did not respond to this contention, and the ALJ's statements regarding Plaintiff's prior application indicate reopening. *See* AR at 55. The Court thus accepts that the ALJ *de facto* reopened the 2010 DI benefits application.

**A.     The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Symptom Testimony**

Plaintiff contends that the ALJ erred in rejecting her subjective symptom testimony. Pl. Op. Br. at 13-18. The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could reasonably have caused some degree of the symptoms; she does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this step because her medically determinable impairments could reasonably be

expected to cause some of the symptoms she alleged. AR at 62.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ found that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms was "not entirely consistent with the medical evidence and other evidence in the record." AR at 62. The ALJ reasoned that (1) Plaintiff's symptom testimony was inconsistent with her medical records; and (2) she exhibited drug-seeking behavior while also inconsistently reported her drug use. *See id.* at 62-64.

1. <u>The ALJ Partially Erred in Rejecting Plaintiff's Symptom Testimony Because It Was Inconsistent with Her Medical Records</u>

The ALJ first discounted Plaintiff's allegations because they were not entirely consistent with her medical records. *Id.* at 62. An ALJ may reasonably reject the claimant's subjective symptom testimony when it is inconsistent with or contradicted by the medical evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). The ALJ separately addressed Plaintiff's physical and mental impairments.

Regarding her physical limitations, Plaintiff testified that she had back and neck pain, which made it hard for her to walk and bend over. *See* AR at 184 & 414. The ALJ discussed the relevant medical evidence and reasonably concluded that Plaintiff's physical impairments were

adequately accommodated by limiting her to light work. *See id.* at 62. Plaintiff has not established that the ALJ's interpretation of the evidence was unreasonable, and thus the ALJ did not err in rejecting Plaintiff's symptom testimony regarding her physical impairments. *See Fair*, 885 F.2d at 603 ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation . . . and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision."); *Thomas*, 278 F.3d at 954.

As to Plaintiff's mental impairments, the ALJ did not present a clear and convincing discussion of the evidence. The ALJ noted several mental health symptoms, and suggested that they were adequately accommodated in the RFC, but did not explain how. *See* AR at 62-63. For example, the ALJ noted that Plaintiff experienced three to four panic attacks per month, and suffered depression that would last one to three days. *Id.* at 63, 724. The ALJ then concluded that the RFC "adequately accommodates [Plaintiff's] mental impairments by limiting her to simple, routine, and repetitive tasks with occasional, superficial contact with co-workers and the public." *Id.* at 63. These two statements are too disconnected to provide any insight into the ALJ's reasoning. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) ("A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony . . . .'") (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)). The ALJ thus erred in rejecting Plaintiff's mental symptom testimony based on inconsistency with the medical evidence.

2. <u>The ALJ Did Not Err in Rejecting Plaintiff's Symptom Testimony Based on Her Drug Use</u>

The ALJ discounted Plaintiff's symptom testimony for two drug-use-related reasons. First, he found drug-seeking behavior. *See* AR at 63-64. Second, he found that Plaintiff

inconsistently reported her drug use. *See id.* at 64.

An ALJ may reject a claimant's testimony when there is evidence of drug-seeking behavior suggesting that the claimant exaggerated her symptoms to receive prescription pain medication. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). The ALJ rationally interpreted the evidence in finding drug-seeking behavior. Plaintiff was discharged from pain management because she had been using heroin. *See* AR at 63, 1090 & 1098. She was given a second chance, but immediately sought an early refill, claiming her oxycodone was stolen. *See id.* at 63, 1102 & 1111. Within a month, Plaintiff was again discharged from pain management, this time because she tested positive for Fentanyl (an opioid medication), which she claimed she had from an old prescription. *See id.* at 63, 1088.

The ALJ also reasonably rejected Plaintiff's symptom testimony based on her inconsistent reporting of drug use. *See Ridgley v. Berryhill*, 706 F. App'x 365, 366 (9th Cir. 2017) (upholding ALJ's rejection of Plaintiff's symptom testimony based on findings that she made inconsistent statements regarding her substance abuse and exhibited drug-seeking behavior); *Thomas*, 278 F.3d at 959. At the hearing, the ALJ had the following exchange with Plaintiff:

> Q. How about the use of drugs, such as methamphetamine, or cocaine, or heroin?
>
> A. No. I have – I'm actually in recovery. Yep, I have two years. And I did that for only a short period of time.
>
> Q. What did you do?
>
> A. I've never done it –
>
> Q. What, what drugs did you use?
>
> A. Cocaine.

AR at 188. Plaintiff's medical records contained multiple references to her use of drugs beyond cocaine. *See id.* at 64, 725 (noting in April 2012 that Plaintiff "recently used meth twice in the last [six] months – last time one month ago"), 840 (noting in August 2013 that Plaintiff "currently abuses opioid pain relievers, meth, alcohol, and [marijuana]"), 950 (noting in June 2013 that Plaintiff "used amphetamines twice since the beginning of May," used Vicodin she got off the street, and smoked marijuana), 1087 (noting that Plaintiff "smokes pot ten times a week"), 1098 & 1109 (noting in July 2011 that Plaintiff was treated for an abscess due to heroin injection, and was upset that her provider discovered this from urgent care providers). The ALJ reasonably concluded that Plaintiff's testimony was inconsistent with her drug use, and thus did not err in rejecting her symptom testimony on this basis. *See Thomas*, 278 F.3d at 959.

3. The ALJ's Error Was Harmless

Although the ALJ included an erroneous reason for rejecting Plaintiff's symptom testimony, Plaintiff has failed to show harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). An error is harmless "where it is 'inconsequential to the ultimate disability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). The ALJ gave valid reasons for rejecting Plaintiff's symptom testimony, and the fact that he included an erroneous reason does not detract from the validity of those reasons. The ALJ's error was thus harmless.

**B.    The ALJ Partially Erred in Evaluating the Medical Evidence**

Plaintiff contends that the ALJ erred in weighing the various medical opinions and treatment records here. Pl. Op. Br. at 3-13. The Court will discuss the opinions Plaintiff

addressed with specificity in turn.

1. <u>The ALJ Did Not Err in Evaluating the Opinions of Christopher Meagher, Ph.D.</u>

Dr. Meagher examined Plaintiff on September 8, 2010. AR at 679-84. He diagnosed her with depressive disorder; panic disorder without agoraphobia; chronic pain disorder; and polysubstance dependence by history in partial remission. *Id.* at 682. Dr. Meagher noted some work impairments, but noted that her "prognosis for . . . being able to stabilize her life, attain a more functional adult adjustment and eventually return to some form of appropriate gainful employment is judged to be fair to good." *Id.* at 683.

The ALJ gave Dr. Meagher's opinions great weight. *Id.* at 64. Plaintiff argues that the ALJ "err[ed] by failing to acknowledge that Dr. Meagher's opinion is somewhat inconsistent with more recent evidence which shows that [Plaintiff's] condition has worsened over time." Pl. Op. Br. at 4. Plaintiff has not met his burden of showing that the ALJ harmfully erred. *See Ludwig*, 681 F.3d at 1054 (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki*, 556 U.S. at 407-09). At best, Plaintiff's argument is that later medical evidence conflicts with Dr. Meagher's opinions. But the ALJ is charged with resolving conflicts in the evidence. *See Andrews*, 53 F.3d at 1039. Plaintiff has not shown that the ALJ's determination was irrational, and the Court will not substitute its judgment for that of the ALJ. *See Thomas*, 278 F.3d at 954. The ALJ thus did not err in crediting Dr. Meagher's opinions.

2. <u>The ALJ Did Not Err in Evaluating the Opinions of Tasmyn Bowes, Psy.D.</u>

Dr. Bowes examined Plaintiff on April 18, 2012. AR at 723-33. Dr. Bowes diagnosed Plaintiff with obsessive compulsive disorder; panic disorder without agoraphobia; eating disorder; depressive disorder; and opiate dependence in early remission. *Id.* She opined that

1  Plaintiff generally had mild limitations in cognitive and social functioning. *See id.* at 726.

2  The ALJ gave great weight to Dr. Bowes's opinions. *Id.* at 65. As with Dr. Meagher, Plaintiff argues that the ALJ erred by "fail[ing] to acknowledge that more recent evidence shows that [Plaintiff's] condition worsened." Pl. Op. Br. at 5. Again, Plaintiff has not met her burden of proof. *See Ludwig*, 681 F.3d at 1054. Plaintiff has not shown that the ALJ's interpretation of Dr. Bowes's opinions was irrational or based on less than substantial evidence. *See Thomas*, 278 F.3d at 954. The ALJ thus did not err in his evaluation of Dr. Bowes's opinions.

    3.    <u>The ALJ Erred in Evaluating the Opinions of Jack Norris, Ph.D.</u>

Dr. Norris first examined Plaintiff in September 2010. *See* AR at 697-710. He diagnosed Plaintiff with posttraumatic stress disorder and major depressive disorder, recurrent and severe. *Id.* at 701. Based on his exam, Dr. Norris opined that Plaintiff was markedly limited in her abilities to "learn new tasks"; "relate appropriately to co-workers and supervisors"; "interact appropriately in public contacts"; and "respond appropriately to and tolerate the pressures and expectations of a normal work setting." *Id.* at 702.

The ALJ stated that he was giving this opinion great weight. *Id.* at 65. But the ALJ inaccurately summarized Dr. Norris's report and did not clearly account for several of Dr. Norris's opinions on Plaintiff's limitations in the RFC. The ALJ harmfully erred in doing so.

An ALJ commits reversible error when he fails to fully address a relevant medical opinion. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015); *Garrison*, 759 F.3d at 1012 ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs."). Although the ALJ here discussed Dr. Norris's report, he did not address any of Dr. Norris's opinions on Plaintiff's marked limitations. *See* AR at 64-65. Instead, the ALJ stated only that Dr. Norris "opined that

[Plaintiff] had only mild limitations in her ability to understand, remember, and follow simple instructions." *Id.*[1] The ALJ thus erred. *See Garrison*, 759 F.3d at 1014 (finding error where the ALJ "completely misunderstood" the doctor's report).

Dr. Norris examined Plaintiff a second time in May 2011. AR at 711-22. At that time, he diagnosed Plaintiff with major depressive disorder, recurrent, severe; posttraumatic stress disorder, chronic; anxiety disorder; alcohol abuse; and anorexia nervosa, binge eating/purging type. *Id.* at 713. Dr. Norris opined that Plaintiff was markedly limited in her abilities to perform routine tasks without undue supervision; be aware of normal hazards and take appropriate precautions; communicate and perform effectively with limited public contact; and maintain appropriate workplace behavior. *Id.* at 714. He also opined that Plaintiff was severely impaired in her ability to communicate and perform effectively in a work setting with public contact. *Id.*

The ALJ gave Dr. Norris's 2011 opinion little weight. AR at 65. He explained that "other treatment notes and opinions, as discussed herein, establish that [Plaintiff's] symptoms and functional limitations were less profound than Dr. Norris opined in May 2011." *Id.*

To reject the opinions of an examining doctor that are contradicted, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record." *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews*, 53 F.3d at 1042). The ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751(9th Cir. 1989)). The Court may also draw "specific and legitimate inferences from the

---

[1] The ALJ attributed this opinion to Dr. Bowes, but it is clear from context that this was a typo. The statement came in a paragraph on Dr. Norris's opinions, and the ALJ cited Dr. Norris's report. AR at 64-65 & 702.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 10

ALJ's opinion." *Magallanes*, 881 F.2d at 755.

The ALJ's treatment of Dr. Norris's 2011 opinions is too general to survive scrutiny. *See Garrison*, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ failed to identify which treatment notes or opinions conflicted with Dr. Norris's opinions, and why those notes or opinions were more pertinent. He therefore erred in rejecting Dr. Norris's 2011 opinions.

The ALJ's errors in evaluating Dr. Norris's opinions were not harmless. Dr. Norris's opinions may have warranted greater limitations than the RFC provided, and the Court cannot confidently conclude that the ALJ would have reached the same conclusion if he had properly addressed Dr. Norris's opinions. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

    4.    <u>The ALJ Erred in Evaluating the Opinions of Timothy Truschel, M.D.</u>

Dr. Truschel evaluated Plaintiff on October 24, 2013. AR at 1041-45. He diagnosed Plaintiff with mood disorder, posttraumatic stress disorder, and psychosis. *Id.* at 1045. Dr. Truschel made a number of observations about Plaintiff's behavior, mood, thought process, insight, and cognition. *See id.* at 1043-44. But he did not tie those observations or his opinions to any vocational impairments. *See id.* at 1041-45.

The ALJ gave Dr. Truschel's opinions little weight. *Id.* at 65. The ALJ reasoned that Dr. Truschel "[did] not offer insight into [Plaintiff's] vocational functioning," and "portray[ed]

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 11

[Plaintiff's] behavior during a time that she [was] not stabilized on her medication." *Id.*

The ALJ's first reason fails to survive scrutiny. Dr. Truschel discussed Plaintiff's general impairments. *See* AR at 1043-44. The ALJ—not Dr. Truschel—was then tasked with translating those into Plaintiff's vocational capabilities. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.") (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). The ALJ did not need to accept all of Dr. Truschel's findings, but needed to give specific and legitimate reasons for any findings he was rejecting. *See Andrews*, 53 F.3d at 1041. Because the ALJ did not do so, he erred.

The ALJ's second reason also fails. The ALJ never concluded that Plaintiff's impairments stabilized on medication at any specific time. *See* AR at 57-66. His suggestion that Dr. Truschel's opinions were based on a unique period in time was thus not supported by any finding in the record. *See id.* The ALJ consequently erred in discounting Dr. Truschel's opinions on this basis.

The ALJ's errors here were harmful. The Court cannot confidently conclude that the ALJ would have reached the same disability determination if he had properly addressed Dr. Truschel's opinions. *See Stout*, 454 F.3d at 1055-56.

5. <u>The ALJ Erred in Evaluating the Opinions of Jeannette DelRene Davis, ARNP[2]</u>

Ms. Davis was one of Plaintiff's treating providers with Providence Medical Group. *See* AR at 169, 617-78, 779-831, 921-1006. She diagnosed Plaintiff with various conditions over the treatment period relating to back pain and depression. *See, e.g., id.* at 645, 782-83, 807-09.

---

[2] Ms. Davis is referred to at various points in the record as Jeannette DelRene Davis, DelRene Davis, and Jeannette Davis. *See, e.g.*, AR at 169, 617, 1043. To avoid ambiguity, the Court refers to her as Jeannette DelRene Davis.

Plaintiff submitted two opinion letters from Ms. Davis, one of which was dated December 27, 2013, and the other of which was dated December 23, 2014. *Id.* at 129-30, 169.

The ALJ did not address Ms. Davis's opinions specifically, but instead addressed a page of a letter from Plaintiff's "treatment provider from Providence Medical Group." *See id.* at 66, 1163. The ALJ rejected the opinions in this letter because it was missing pages, did not provide a timeframe or duration for Plaintiff's alleged limitations, and did not include specific opinions regarding Plaintiff's vocational capabilities. *Id.* at 66.

An ALJ must generally provide germane reasons to reject the opinions of a nurse practitioner. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (holding that nurse practitioners are "other sources" rather than acceptable medical sources, so an ALJ need only provide germane reasons to discount their opinions). The ALJ did not meet that burden here.

The ALJ reasonably discounted the opinions in the single page of the record (AR at 1163) because there appeared to be pages missing and the opinions did not adequately define Plaintiff's limitations. But the ALJ never addressed Ms. Davis's opinions directly, nor explained why they should be discounted. *See id.* at 64-66. The ALJ thus erred in evaluating Ms. Davis's opinions. *See Dale v. Colvin*, 823 F.3d 941, 944-45 (9th Cir. 2016).

The Court must once again consider the ALJ's error harmful. The Court cannot confidently conclude that the ALJ would have reached the same disability determination if he had properly evaluated Ms. Davis's opinions. *See Stout*, 454 F.3d at 1055-56.

6. <u>The ALJ Did Not Err in Evaluating the Opinions of the Non-Examining Doctors</u>

Plaintiff contends that the ALJ erred in giving great weight to non-examining doctors Michael Regets, Ph.D., Dennis Koukol, M.D., and Cynthia Collingwood, Ph.D. Pl. Op. Br. at 13. As with Dr. Meagher and Dr. Bowes, Plaintiff has not met her burden of showing error. *See*

*Ludwig*, 681 F.3d at 1054. Plaintiff has not shown that the ALJ's interpretation of the non-examining doctors's opinions was irrational or based on less than substantial evidence; she simply argues that it should have been given less weight when compared to later medical records. That is not enough to establish reversible error. *See Thomas*, 278 F.3d at 954. The ALJ thus did not err in evaluating the opinions of Dr. Regets, Dr. Koukol, and Dr. Collingwood.

       7.     <u>Plaintiff Has Not Shown That the ALJ Erred in Evaluating the Remainder of the Medical Evidence</u>

In the midst of her argument, Plaintiff recites parts of the medical evidence not otherwise addressed and then summarily concludes that it supports her testimony. Pl. Op. Br. at 9-12. The Court does not reweigh the evidence, so this recitation of the medical evidence without any substantive argument is of little value. *See Thomas*, 278 F.3d at 954. Because Plaintiff has not explained any specific errors with respect to the other medical evidence she recites, the Court will not separately address the ALJ's treatment of that evidence. *See Carmickle*, 533 F.3d at 1161 n.2 (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

**C.**    **The ALJ Erred in Evaluating the Lay Testimony**

Plaintiff contends that the ALJ erred in failing to address a written statement from Edwina Plant. Pl. Op. Br. at 18. Ms. Plant submitted a third party adult function report describing her understanding of Plaintiff's condition. *See* AR at 435-442. Ms. Plant did not identify her relationship to Plaintiff, how long they had known each other, or how much time they spent together. *See id.* at 435. Ms. Plant reported that Plaintiff has constant back pain, headaches, depression, insomnia, and anxiety. *Id.* at 436. Ms. Plant also reported that Plaintiff cannot bend over or kneel, and lacks motivation or energy to do things. *Id.* at 438-39.

In determining disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout*,

454 F.3d at 1053). "Such testimony is competent evidence and 'cannot be disregarded without comment.'" *Bruce*, 557 F.3d at 1115 (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)) (emphasis omitted). To reject this evidence, however, the ALJ need only give reasons that are germane to the witness. *Bruce*, 557 F.3d at 1115.

The ALJ here entirely ignored Ms. Plant's statement. He thus erred. *See id.* The Court is not in a position to weigh the probative value of this evidence, and thus cannot conclude that the ALJ's error was harmless. *See Stout*, 454 F.3d at 1055-56.

**D.     The ALJ Erred in Assessing Plaintiff's RFC and in Basing his Step Five Findings on the Erroneous RFC**

Plaintiff last argues that the ALJ erred in assessing Plaintiff's RFC, and consequently erred at step five of the disability evaluation process. Pl. Op. Br. at 18-19. This argument is derivative of Plaintiff's other arguments, as it is based on the contention that the ALJ failed to properly evaluate Plaintiff's symptom testimony, the medical evidence, and the lay testimony. *See id.* Because the Court has found that the ALJ erred in evaluating some of the medical evidence and the lay testimony, the Court agrees that the ALJ erred in his RFC and step five findings. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (holding that the ALJ's RFC determination was not supported by substantial evidence where he failed to properly account for all of the evidence).

**E.     Scope of Remand**

Plaintiff asks the Court to remand this matter for further administrative proceedings. Pl. Op. Br. at 19. The Court agrees that this is the appropriate remedy. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

On remand, the ALJ must reevaluate the opinions of Dr. Norris, Dr. Truschel, and Ms. Davis; evaluate the lay testimony of Edwina Plant; reassess Plaintiff's RFC; reassess the step

five findings; and conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

### III.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 22nd day of October, 2018.

*Ronald B. Leighton* (signature)

Ronald B. Leighton (as auth/dn)
United States District Judge